UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JASON LUTZ,

    Plaintiff,

-vs-

PROG LEASING, LLC, d/b/a
PROGRESSIVE LEASING,

    Defendant.
_____/

CASE NO.:

## COMPLAINT

COMES NOW Plaintiff, JASON LUTZ, by and through the undersigned counsel, and sues Defendant, PROG LEASING, LLC, d/b/a PROGRESSIVE LEASING, and in support thereof respectfully alleges violations of the Telephone Consumer Protection Act, 47 U.S.C. §227 *et seq.* ("TCPA") and the Florida Consumer Collection Practices Act, Fla. Stat. §559.55 *et seq.* ("FCCPA").

## INTRODUCTION

1. The TCPA was enacted to prevent companies like PROG LEASING, LLC, d/b/a PROGRESSIVE LEASING, from invading American citizen's privacy and to prevent abusive "robo-calls."

2. "The TCPA is designed to protect individual consumers from receiving intrusive and unwanted telephone calls." *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740 (2012).

3. "Senator Hollings, the TCPA's sponsor, described these calls as 'the **\*1256** scourge of modern civilization, they wake us up in the morning; they interrupt our dinner at night; they force the sick and elderly out of bed; they hound us until we want to rip the telephone out of the wall.'" 137 Cong. Rec. 30, 821 (1991). Senator Hollings presumably intended to give

1

telephone subscribers another option: telling the autodialers to simply stop calling." *Osorio v. State Farm Bank, F.S.B.*, 746 F. 3d 1242 (11th Cir. 2014).

4. "No one can deny the legitimacy of the state's goal: Preventing the phone (at home or in one's pocket) from frequently ringing with unwanted calls. Every call uses some of the phone owner's time and mental energy, both of which are precious. Most members of the public want to limit calls, especially cellphone calls, to family and acquaintances, and to get their political information (not to mention their advertisements) [*6] in other ways." *Patriotic Veterans v. Zoeller*, No. 16-2059, 2017 U.S. App. LEXIS 47, at *5-6 (7th Cir. Jan 3, 2017).

5. According to the Federal Communications Commission (FCC), "Unwanted calls and texts are the number one complaint to the FCC. There are thousands of complaints to the FCC every month on both telemarketing and robocalls. The FCC received more than 215,000 TCPA complaints in 2014." *Fact Sheet: Wheeler Proposal to Protect and Empower Consumers Against Unwanted Robocalls, Texts to Wireless Phones*, Federal Communications Commission, (May 27, 2015), https://apps.fcc.gov/edocs_public/attachmatch/DOC-333676A1.pdf.

## JURISDICTION AND VENUE

6. Jurisdiction and venue for purposes of this action are appropriate and conferred by 28 U.S.C. § 1331, Federal Question Jurisdiction, as this action involves violations of the TCPA.

7. Subject matter jurisdiction, federal question jurisdiction, for purposes of this action is appropriate and conferred by 28 U.S.C. § 1331, which provides that the district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States; and this action involves violations of 47 U.S.C. § 227(b)(1)(A)(iii). See *Mims v. Arrow Fin. Servs., LLC*, S.Ct. 740, 748 (2012) and *Osorio v. State Farm Bank, F.S.B.*, 746 F.3d 1242, 1249 (11th Cir. 2014).

8. The alleged violations described herein occurred in Sarasota County, Florida. Accordingly, venue is appropriate with this Court under 28 U.S.C. §1391(b)(2), as it is the judicial district in which a substantial part of the events or omissions giving rise to this action occurred.

## FACTUAL ALLEGATIONS

9. Plaintiff is a natural person, and citizen of the State of Florida, residing in Sarasota, Sarasota County, Florida.

10. Plaintiff is the "called party." See *Breslow v. Wells Fargo Bank, N.A.*, 755 F. 3d 1265 (11th Cir. 2014) and *Osorio v. State Farm Bank, F.S.B.*, 746 F.3d 1242 (11th Cir. 2014).

11. Defendant is a "debt collector" as defined by Florida Statute § 559.55(7).

12. Defendant, is a corporation which was formed in Delaware with its principal place of business located at 256 West Data Drive, Draper, UT, 84020 and which conducts business in the State of Florida through its registered agent, C T Corporation System, 1200 South Pine Island Road, Plantation, FL 33324.

13. The debt that is the subject matter of this complaint is a "consumer debt" as defined by Florida Statute §559.55(6).

14. Defendant is a "creditor" as defined in Florida Statute §559.55(5).

15. Plaintiff is the regular user and carrier of the cellular telephone number at issue, (941) *** - 5309, and was the called party and recipient of Defendant's hereinafter described calls.

16. In or about July of 2016, Plaintiff began receiving telephone call to his aforementioned cellular telephone number from Defendant seeking to recover an alleged debt.

17. Upon receipt of the calls from Defendant, Plaintiff's caller ID identified the calls were being initiated from, but not limited to, the following phone numbers: (202) 969-1012, (208) 497-3615, (218) 491-6773, (218) 491-6780, (228) 280-3189, (260) 247-7026, (302) 257-3463, (302) 261-5758, (302) 257-6464, (303) 876-1092, (303) 876-1094, (312) 525-9086, (312) 525-9090, (316) 768-5660, (319) 536-3466, (319) 536-3480, (319) 536-3481, (321) 558-1520, (323) 741-3693, (360) 338-7247, (385) 347-3126, (402) 470-8197, (404) 682-3029, (504) 758-3648, (504) 758-3665, (504) 758-3667, (520) 635-2116, (701) 989-7920, (701) 989-7922, (703) 574-9801, (734) 352-3669, (734) 352-3674, (808) 489-9199, (817) 585-2946, (832) 918-4821, (843) 779-3643, (857) 317-5205, (860) 706-1549, (860) 706-1553, (954) 7458-1920 and when those numbers are called, a pre-recorded message answers "All calls may be recorded," followed by a live agent answering the line stating "thank you for calling Progressive Leasing."

18. Upon information and belief, some or all of the calls the Defendant made to Plaintiff's cellular telephone number were made using an "automatic telephone dialing system" which has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator (including but not limited to a predictive dialer) or an artificial or prerecorded voice; and to dial such numbers as specified by 47 U.S.C § 227(a)(1) (hereinafter "autodialer calls"). Plaintiff will testify that he knew it was an autodialer because of the vast number of calls he received and because when he answered a call from the Defendant he would hear a pre-recorded message stating the call was from Progressive Leasing, and to please hold the line for the next available representative.

19. Furthermore, each of the calls at issue were placed by the Defendant using a "prerecorded voice," as specified by the TCPA, 47 U.S.C. § 227(b)(1)(A).

20. None of Defendant's telephone calls placed to Plaintiff were for "emergency purposes" as specified in 47 U.S.C. § 227(b)(1)(A).

21. In or about July of 2016, Plaintiff answered a call from Defendant to his aforementioned cellular telephone number, met with an automated message, held the line and was eventually connected to a live representative, and informed an agent/representative of Defendant that the calls to his cellular phone were harassing, and demanded that they cease calling his aforementioned cellular telephone number.

22. During the aforementioned phone call with Defendant in or about July of 2016, Plaintiff unequivocally revoked any express consent Defendant had for placement of telephone calls to Plaintiff's aforementioned cellular telephone number by the use of an automatic telephone dialing system or a pre-recorded or artificial voice.

23. Each subsequent call the Defendant made to the Plaintiff's aforementioned cellular telephone number was done so without the "express consent" of the Plaintiff.

24. Each call the Defendant made to the Plaintiff's aforementioned cellular telephone number was knowing and willful.

25. Additionally, on or about September 14, 2016, due to continued automated calls to his aforementioned cellular telephone number from the Defendant, Plaintiff again answered a call from Defendant, met with an automated message, held the line and was eventually connected to a live representative, and informed the agent/representative of Defendant that he had previously informed them not to call his cellular phone, and again demanded that Defendant cease placing calls to his aforementioned cellular telephone number.

26. Despite actual knowledge of their wrongdoing, the Defendant continued the campaign of abuse, calling the Plaintiff despite the Plaintiff revoking any express consent the Defendant may have had to call his aforementioned cellular telephone number.

27. On at least three (4) separate occasions, Plaintiff has answered a call from Defendant, held the line to be connected to a live representative, and demanded that Defendant cease placing calls to his aforementioned cellular telephone number.

28. The Plaintiff's requests for the harassment to end were ignored.

29. From approximately July of 2016 through the end of November of 2016, or at such time as will be determined after a thorough review of Defendant's records, Defendant has called Plaintiff's aforementioned cellular telephone on a daily basis, despite Plaintiff's repeated requests for the calls to stop.

30. From approximately July of 2016 through the end of November of 2016, Defendant has placed approximately three-hundred (300) calls to Plaintiff's aforementioned cellular telephone number. (Please see attached **Exhibit "A"** representing a non-exclusive call log from October 26, 2016 to November 11, 2016).

31. Additionally, on approximately one-hundred separate occasions, Plaintiff received an automated telephone call to his aforementioned cellular telephone from Defendant, which left a voicemail including the following identical, robotic, pre-recorded message:

> "This is an important message from Progressive Finance. Please call us immediately at (866) 389-0002."

32. Defendant intentionally harassed and abused Plaintiff on numerous occasions by calling several times in the same hour, during one day, and on back to back days, with such frequency as can reasonably be expected to harass.

33. Defendant attempted to collect a debt from the Plaintiff by this campaign of telephone calls.

34. Defendant has a corporate policy to use an automatic telephone dialing system or a pre-recorded or artificial voice to call individuals, just as it did to the Plaintiff's cellular telephone in this case.

35. Defendant has a corporate policy to use an automatic telephone dialing system or a pre-recorded or artificial voice, just as it did to the Plaintiff's cellular telephone in this case, with no way for the consumer, or Defendant, to remove the number.

36. Defendant's corporate policy is structured as to continue to call individuals like the Plaintiff, despite these individuals informing the Defendant that they do not wish to be called.

37. Defendant has had numerous complaints from consumers against them across the country asking not to be called; however, the Defendant continues to call the consumers.

38. Defendant has numerous other federal lawsuits pending against them alleging similar violations as stated in this Complaint.

39. Defendant willfully and/or knowingly violated the TCPA with respect to the Plaintiff.

40. From each and every call placed without express consent by Defendant to Plaintiff's cell phone, Plaintiff suffered the injury of invasion of privacy and the intrusion upon his right of seclusion.

41. From each and every call without express consent placed by Defendant to Plaintiff's cell phone, Plaintiff suffered the injury of the occupation of his cellular telephone line and cellular phone by unwelcome calls, making the phone unavailable for legitimate callers or outgoing calls while the phone was ringing from Defendant call.

42. From each and every call placed without express consent by Defendant to Plaintiff's cell phone, Plaintiff suffered the injury of unnecessary expenditure of his time. Plaintiff had to waste time to deal with missed call notifications and call logs that reflect the unwanted calls. This also impaired the usefulness of these features of Plaintiff's cellular phone, which are designed to inform the user of important missed communications.

43. Each and every call placed without express consent by Defendant to Plaintiff's cell phone was an injury in the form of a nuisance and annoyance to the Plaintiff. For calls that were answered, Plaintiff had to go to the unnecessary trouble of answering them. Even for unanswered calls, Plaintiff had to deal with missed call notifications and call logs that reflected the unwanted calls. This also impaired the usefulness of these features of Plaintiff's cellular phone, which are designed to inform the user of important missed communications.

44. Each and every call placed without express consent by Defendant to Plaintiff's cell phone resulted in the injury of unnecessary expenditure of Plaintiff's cell phone's battery power.

45. Each and every call placed without express consent by Defendant to Plaintiff's cell phone resulted in the injury of a trespass to Plaintiff's chattel, namely his cellular phone and his cellular phone services.

46. As a result of the calls described above, Plaintiff suffered an invasion of privacy. Plaintiff was also affect in a personal and individualized way by stress, anxiety, nervousness, embarrassment, distress and aggravation.

## COUNT I
### (Violation of the TCPA)

47. Plaintiff fully incorporates and realleges paragraphs one (1) through forty-four (44) as if fully set forth herein.

48. Defendant willfully violated the TCPA with respect to Plaintiff, especially for each of the auto-dialer calls made to Plaintiff's cellular telephone after Plaintiff notified Defendant that he wished for the calls to stop.

49. Defendant repeatedly placed non-emergency telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system or prerecorded or artificial voice without Plaintiff's prior express consent in violation of federal law, including 47 U.S.C § 227(b)(1)(A)(iii).

**WHEREFORE**, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against PROG LEASING, LLC, d/b/a PROGRESSIVE LEASING for statutory damages, punitive damages, actual damages, treble damages, enjoinder from further violations of these parts and any other such relief the court may deem just and proper.

## COUNT II
### (Violation of the FCCPA)

50. Plaintiff fully incorporates and realleges paragraphs one (1) through forty-four (44) as if fully set forth herein.

51. At all times relevant to this action, Defendant is subject to and must abide by the laws of the State of Florida, including Florida Statute § 559.72.

52. Defendant has violated Florida Statute §559.72(7) by willfully communicating with the alleged debtor or any member of her or his family with such frequency as can reasonably be expected to harass the alleged debtor or her or his family.

53. Defendant has violated Florida Statute §559.72(7) by willfully engaging in other conduct which can reasonably be expected to abuse or harass the alleged debtor or any member of her or his family.

54. Defendant's actions have directly and proximately resulted in Plaintiff's prior and continuous sustaining of damages as described by Florida Statute §559.77.

**WHEREFORE,** Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Defendant PROG LEASING, LLC, d/b/a PROGRESSIVE LEASING for statutory damages, punitive damages, actual damages, costs, interest, attorney fees, enjoinder from further violations of these parts and any other such relief the court may deem just and proper.

Respectfully submitted,

s/*Octavio Gomez*
Octavio Gomez, Esquire
Morgan & Morgan, Tampa, P.A.
One Tampa City Center
201 N. Franklin Street, 7th Floor
Tampa, FL 33602
Tele: (813) 223-5505
Fax: (813) 223-5402
Florida Bar #: 0338620
Attorney for Plaintiff

# Call Log for (941) *** - 5309

|    | DATE OF CALL | TIME OF CALL | NUMBER CALLING |
|---|---|---|---|
| 1. | 10/26/2016 | 8:05 AM | 321-558-1520 |
| 2. | 11/2/2016 | 8:39 am | 260-247-7026 |
| 3. | 11/2/2016 | 1:55 pm | 260-247-7026 |
| 4. | 11/2/2016 | 2:55 pm | 781-399-4858 |
| 5. | 11/2/2016 | 4:11 pm | 781-399-4858 |
| 6. | 11/2/2016 | 4:22 pm | 260-247-7026 |
| 7. | 11/2/2016 | 6:54 pm | 260-247-7026 |
| 8. | 11/2/2016 | 8:28 pm | 260-247-7026 |
| 9. | 11/3/2016 | 8:45 am | 504-758-3667 |
| 10. | 11/3/2016 | 10:47 am | 781-399-4858 |
| 11. | 11/3/2016 | 4:35 pm | 504-758-3667 |
| 12. | 11/3/2016 | 7:57 pm | 504-758-3667 |
| 13. | 11/4/2016 | 8:25 am | 218-491-6780 |
| 14. | 11/4/2016 | 11:53 am | 701-989-7922 |

Exhibit "A"

## Call Log for (941) *** - 5309

| | | | |
|---|---|---|---|
| 15. | 11/4/2016 | 3:04 pm | 701-989-7922 |
| 16. | 11/4/2016 | 6:45 pm | 701-989-7922 |
| 17. | 11/4/2016 | 8:52 pm | 701-989-7922 |
| 18. | 11/5/2016 | 9:14 am | 857-317-5205 |
| 19. | 11/5/2016 | 11:35 am | 857-317-5205 |
| 20. | 11/5/2016 | 2:22 pm | 857-317-5205 |
| 21. | 11/7/2016 | 8:13 am | 208-497-3615 |
| 22. | 11/7/2016 | 2:33 pm | 208-497-3615 |
| 23. | 11/7/2016 | 4:53 pm | 208-497-3615 |
| 24. | 11/7/2016 | 7:46 pm | 208-497-3615 |
| 25. | 11/8/2016 | 8:48 am | 954-745-1920 |
| 26. | 11/8/2016 | 1:58 pm | 954-745-1920 |
| 27. | 11/8/2016 | 4:33 pm | 954-745-1920 |
| 28. | 11/9/2016 | 8:34 am | 504-758-3665 |

Exhibit "A"

# Call Log for (941) *** - 5309

| | | | |
|---|---|---|---|
| 29. | 11/9/2016 | 12:52 pm | 504-758-3665 |
| 30. | 11/9/2016 | 2:57 pm | 504-758-3665 |
| 31. | 11/9/2016 | 5:02 pm | 504-758-3665 |
| 32. | 11/9/2016 | 7:03 pm | 504-758-3665 |
| 33. | 11/10/2016 | 8:29 am | 734-352-3674 |
| 34. | 11/10/2016 | 10:30 am | 734-352-3674 |
| 35. | 11/10/2016 | 12:39 pm | 734-352-3674 |
| 36. | 11/10/2016 | 3:19 pm | 734-352-3674 |
| 37. | 11/10/2016 | 5:24 pm | 734-352-3674 |
| 38. | 11/11/2016 | 8:43 am | 316-768-5660 |
| 39. | 11/11/2016 | 10:43 am | 316-768-5660 |
| 40. | 11/11/2016 | 12:45 pm | 316-768-5660 |
| 41. | 11/11/2016 | 1:13 pm | 201-944-4856 |

**Exhibit "A"**